UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30199-MAP

| | |
|---|---|
| ADELHEID (HEIDI) TEUTSCH,<br>　　　Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| KARL G. COOPER, JR., Individually & in his<br>Official Capacity as Chief of Police of the<br>West Stockbridge Police Department, | )<br>)<br>)<br>) |
| CHARLES SIMONELLI, Individually & in his<br>Official Capacity as Police Officer for the<br>West Stockbridge Police Department, | )<br>)<br>)<br>) |
| TOWN OF WEST STOCKBRIDGE,<br>　　　Defendants | )<br>) |

## DEFENDANTS' ANSWER AND DEMAND FOR TRIAL BY JURY

## AS TO JURISDICTION

1. The defendants neither admit nor deny the allegations contained in paragraph 1 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

2. The defendants neither admit nor deny the allegations contained in paragraph 2 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

## AS TO EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. The defendants admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

411549

## AS TO PARTIES

5. The defendants admit that the plaintiff was employed as a police officer by the Town of West Stockbridge from February 2, 2003 through December 8, 2003, but the defendants neither admit nor deny the remaining allegations contained in paragraph 5 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

6. The defendants admit the allegations contained in paragraph 6 of the plaintiff's complaint.

7. The defendants admit the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The defendants admit the allegations contained in paragraph 8 of the plaintiff's complaint.

## AS TO STATEMENT OF FACTS

9. The defendants admit the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendants admit the allegations contained in the first sentence of paragraph 10 of the plaintiff's complaint. The defendants deny the remaining allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint.

411549

1) The defendants deny the allegations contained in subparagraph 1 of the plaintiff's complaint.

2) The defendants deny the allegations contained in subparagraph 2 of the plaintiff's complaint.

3) The defendants admit that the plaintiff requested to work day shift but deny the remaining allegations contained in subparagraph 3 of the plaintiff's complaint.

4) The defendants deny the allegations contained in subparagraph 4 of the plaintiff's complaint.

5) The defendants deny the allegations contained in subparagraph 5 of the plaintiff's complaint.

6) The defendants deny the allegations contained in subparagraph 6 of the plaintiff's complaint.

7) The defendants deny the allegations contained in the first sentence of subparagraph 7 of the plaintiff's complaint. The defendants neither admit nor deny the allegations contained in the second sentence of subparagraph 7 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof. The defendants admit that the plaintiff spoke to Chief Cooper to request health insurance through the Town. The defendants admit that Chief Cooper advised the plaintiff that he relayed her request to the Board of Selectmen but they had not responded to him and he took this lack of an answer as a "no."

8) The defendants deny the allegations contained in subparagraph 8 of the plaintiff's complaint.

9) The defendants deny the allegations contained in subparagraph 9 of the plaintiff's complaint.

411549

10) The defendants deny the allegations contained in the first two sentences of paragraph 10 of the plaintiff's complaint. The defendants admit that Chief Cooper hired a part-time male police officer for the bike patrol position, but deny the remaining allegations contained in subparagraph 10.

11) The defendants neither admit nor deny the allegations contained in the first sentence of paragraph 11 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof. The defendants admit that the West Stockbridge Police Department dedicated one officer to the Drug Task Force on an as-needed basis and that Chief Cooper indicated to the plaintiff that he would talk to the Board of Selectmen but deny the remaining allegations contained in subparagraph 11.

12) The defendants deny the allegations contained in subparagraph 12 of the plaintiff's complaint.

13) The defendants admit the allegations contained in subparagraph 13 of the plaintiff's complaint.

14) The defendants deny the allegations contained in subparagraph 14 of the plaintiff's complaint.

15) The defendants deny the allegations contained in subparagraph 15 of the plaintiff's complaint.

16) The defendants deny the allegations contained in subparagraph 16 of the plaintiff's complaint.

17) The defendants deny the allegations contained in the first sentence of subparagraph 17 of the plaintiff's complaint. The defendants admit that the plaintiff requested to

411549

take evidence to the University of Massachusetts to be tested but deny the remaining allegations contained in subparagraph 17.

       18)     The defendants deny the allegations contained in subparagraph 18 of the plaintiff's complaint.

       19)     The defendants deny the allegations contained in subparagraph 19 of the plaintiff's complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

       1)     The defendants deny the allegations contained in subparagraph 1 of the plaintiff's complaint.

       2)     The defendants deny the allegations contained in subparagraph 2 of the plaintiff's complaint.

       3)     The defendants deny the allegations contained in subparagraph 3 of the plaintiff's complaint.

       4)     The defendants deny the allegations contained in subparagraph 4 of the plaintiff's complaint.

       5)     The defendants deny the allegations contained in subparagraph 5 of the plaintiff's complaint.

       6)     The defendants deny the allegations contained in subparagraph 6 of the plaintiff's complaint.

       7)     The defendants deny the allegations contained in subparagraph 7 of the plaintiff's complaint.

       8)     The defendants deny the allegations contained in subparagraph 8 of the plaintiff's complaint.

411549

9) The defendants deny the allegations contained in the first five sentences in subparagraph 9 of the plaintiff's complaint. The defendants neither admit nor deny the allegations contained in the last sentence contained in subparagraph 9 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein and leave the plaintiff to her burden of proof.

10) The defendants deny the allegations contained in subparagraph 10 of the plaintiff's complaint.

11) The defendants deny the allegations contained in the first six sentences in subparagraph 11 of the plaintiff's complaint. The defendants neither admit nor deny the allegations contained in the last sentence contained in subparagraph 11 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof

12) The defendants admit the allegations contained in the first five sentences of paragraph 12 of the plaintiff's complaint. The defendants also admit that Chief Cooper asked the plaintiff why she had put "69" on his pager but deny the remaining allegations contained in subparagraph 12.

13) The defendants admit that the plaintiff left a letter of complaint about the "69" incident for Chief Cooper at the station which stated that she wanted to be treated as a professional which Chief Cooper received. The defendants also admit that Chief Cooper spoke with Larry Tonini and Curt Wilton about the incident. The defendants deny the remaining allegations contained in subparagraph 12 of the plaintiff's complaint.

15. The defendants admit the allegations contained in the first two sentences of paragraph 15 of the plaintiff's complaint and they admit that Larry Tonini recommended that the

411549

discussion continue in an executive session with Chief Cooper present. The defendants deny the remaining allegations contained in paragraph 15 of the plaintiff's complaint.

16. The defendants deny the allegations contained in the first three sentences contained in paragraph 16 of the plaintiff's complaint. The defendants neither admit nor deny the last sentence contained in paragraph 16 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

17. The defendants admit the allegations contained in the first sentence of paragraph 17 of the plaintiff's complaint. The defendants deny the allegations contained in the second sentence of paragraph 17 of the plaintiff's complaint. The defendants neither admit nor deny the allegations contained in the third and fourth sentences of paragraph 17 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof. The defendants deny the fifth sentence of paragraph 17 of the plaintiff's complaint. The defendants admit that the Board of Selectmen advised plaintiff that her complaints would be addressed at a later date but deny the remaining allegations contained in paragraph 17.

18. The defendants deny the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendants admit that the plaintiff attended an open Board of Selectmen meeting on September 27, 2004. The defendants admit that the Board of Selectmen approved a temporary paid administrative leave of absence for the plaintiff but deny the remaining allegations contained in paragraph 19 of the plaintiff's complaint.

20. The defendants deny the allegations contained in paragraph 20 of the plaintiff's complaint.

411549

Case 3:05-cv-30199-MAP     Document 4     Filed 10/26/2005     Page 8 of 14

Page 8 of 14

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants admit that Chief Cooper presented one of plaintiff's cases in Court but deny the remaining allegations contained in the first sentence of paragraph 22 of the plaintiff's complaint. The defendants admit the allegations contained in the second and third sentences of paragraph 22 of the plaintiff's complaint but deny the remaining allegations contained in paragraph 22 of the plaintiff's complaint.

23. The defendants deny the allegations contained in the first two sentences of paragraph 23 of the plaintiff's complaint. The defendants admit the allegations contained in the third sentence of paragraph 23 of the plaintiff's complaint.

24. The defendants admit the allegations contained in the first sentence of paragraph 24 of the plaintiff's complaint. The defendants admit that the plaintiff informed the Board of Selectmen that she was losing pay because the meeting was scheduled during one of the shifts she was scheduled to work. The defendants deny the allegations contained in the third sentence of paragraph 24 of the plaintiff's complaint. The defendants admit the allegations contained in the fourth, fifth and sixth sentences of paragraph 24 of the plaintiff's complaint. The defendants admit that the plaintiff requested a copy of the policies for filing a complaint and the Board of Selectmen advised the plaintiff that no policies existed but deny the remaining allegations contained in paragraph 24 of the plaintiff's complaint.

25. The defendants admit that in October, 2004, the Town of West Stockbridge adopted a written employment policy of non-discrimination based on race, color, creed, gender, religious beliefs or sexual orientation. The defendants deny that Chief Cooper refused to post these policies at the Police Department but admit that Chief Cooper did not have a place to post

411549

them. The defendants deny the remaining allegations contained in paragraph 25 of the plaintiff's complaint.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiff's complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28. The defendants deny the allegations contained in the first sentence of paragraph 28 of the plaintiff's complaint. The defendants admit the remaining allegations contained in paragraph 28 of the plaintiff's complaint.

29. The defendants deny the allegations contained in the first sentence of paragraph 29 of the plaintiff's complaint. The defendants admit the remaining allegations contained in paragraph 29 of the plaintiff's complaint.

30. The defendants neither admit nor deny the allegations contained in paragraph 30 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

31. The defendants neither admit nor deny the allegations contained in paragraph 31 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

411549

## AS TO COUNT I

34. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 33 of the plaintiff's complaint and incorporate them herein by reference.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiff's complaint.

38. The defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint.

## AS TO COUNT II

39. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 38 of the plaintiff's complaint and incorporate them herein by reference.

40. The defendants deny the allegations contained in paragraph 40 of the plaintiff's complaint.

41. The defendants deny the allegations contained in paragraph 41 of the plaintiff's complaint.

42. The defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint.

43. The defendants deny the allegations contained in paragraph 43 of the plaintiff's complaint.

44. The defendants deny the allegations contained in paragraph 44 of the plaintiff's complaint.

411549

45. The defendants deny the allegations contained in paragraph 45 of the plaintiff's complaint.

## AS TO COUNT III

46. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 45 of the plaintiff's complaint and incorporate them herein by reference.

47. The defendants deny the allegations contained in paragraph 47 of the plaintiff's complaint.

48. The defendants deny the allegations contained in paragraph 48 of the plaintiff's complaint.

## AS TO COUNT IV

49. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 48 of the plaintiff's complaint and incorporate them herein by reference.

50. The defendants deny the allegations contained in paragraph 50 of the plaintiff's complaint.

51. The defendants deny the allegations contained in paragraph 51 of the plaintiff's complaint.

52. The defendants deny the allegations contained in paragraph 52 of the plaintiff's complaint.

## AS TO COUNT V

53. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 52 of the plaintiff's complaint and incorporate them herein by reference.

54. The defendants deny the allegations contained in paragraph 54 of the plaintiff's complaint.

411549

## AS TO COUNT VI

55.     The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 54 of the plaintiff's complaint and incorporate them herein by reference.

56.     The defendants deny the allegations contained in paragraph 56 of the plaintiff's complaint.

## SECOND DEFENSE

The defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public policy, safety and law enforcement.

## THIRD DEFENSE

The defendants say that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## FOURTH DEFENSE

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clear established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

## FIFTH DEFENSE

The defendants state that the plaintiff has failed to allege any acts of material nature which rise to the level of constitutional deprivations.

411549

## SIXTH DEFENSE

The defendants cannot be held liable for violating the civil rights of the plaintiff as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

## SEVENTH DEFENSE

The defendants' actions and conduct were reasonable under the circumstances.

## EIGHTH DEFENSE

The defendants state that there is no evidence that defendants' conduct was extreme or outrageous.

## NINTH DEFENSE

The defendants state that the plaintiff's claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

## TENTH DEFENSE

The defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## ELEVENTH DEFENSE

The defendants say that the claims alleged pursuant to M.G.L. c. 12, § 11H and I must be dismissed as there are no allegations of deprivation of constitutional and/or statutory rights by force, threat, intimidation, or coercion.

## TWELFTH DEFENSE

The plaintiff's claims for damages for alleged emotional distress injuries are barred because those claims are subject to, and pre-empted by, the exclusive remedy provisions of the applicable Worker's Compensation Act.

411549

### THIRTEENTH DEFENSE

The plaintiff's claim for alleged reckless infliction of emotional distress is barred because the plaintiff has failed to comply with the requirements of M.G.L. c. 258, §§ 2 and 4 and, as such, this claim must be dismissed.

### FOURTEENTH DEFENSE

The defendant says that M.G.L. c. 258 § 10 precludes the imposition of liability for the plaintiff's alleged reckless infliction of emotional distress in this case.

### FIFTEENTH DEFENSE

The defendant says that it is immune from liability in this case for the plaintiff's claim for alleged reckless infliction of emotional distress.

### SIXTEENTH DEFENSE

The defendant says that the discretionary function exemption applies so as to preclude the imposition of liability for the plaintiff's claim for alleged reckless infliction of emotional distress in this case.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANTS
KARL G. COOPER, JR., Individually & in his Official Capacity as Chief of Police of the West Stockbridge Police Department,
CHARLES SIMONELLI, Individually & in his Official Capacity as Police Officer for the West Stockbridge Police Department,
TOWN OF WEST STOCKBRIDGE

By     */s/ Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  556149

411549